UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSE M. BUNKER, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 03-CV-0852-CVE-PJC |
| | ) |
| COUNTY OF NOWATA, et al., | ) |
| | ) |
| Defendant(s). | ) |

**OPINION AND ORDER**

Now before the Court is Defendant State of Oklahoma ex rel. Department of Corrections' Motion to Dismiss[,] or in the Alternative, Motion for Summary Judgment and Brief in Support (Dkt. # 13) as to the claims of plaintiff Rose M. Bunker ("Bunker"). The Department of Corrections ("DOC") filed this motion on April 29, 2004. On July 27, 2004, the Court ruled that it would treat it as a motion for summary judgment (Dkt. # 34). The DOC claims that it is entitled to sovereign immunity under the Eleventh Amendment and should, therefore, be granted summary judgment.

Bunker's claims against DOC are barred by Oklahoma's sovereign immunity under the Eleventh Amendment. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States.

U.S. Const. amend. XI. The Eleventh Amendment acts as a bar to federal jurisdiction over state governments when they are sued by anyone other than the federal government or another state. Seminole Tribe v. Florida, 517 U.S. 44, 71 n.14 (1996). The Supreme Court has interpreted the Eleventh Amendment to apply to federal question suits against a state brought by its own citizens. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267-68 (1997). The DOC, as an agency of Oklahoma, is entitled to the state's Eleventh Amendment immunity. See Pennhurst State School & Hosp. v.

Halderman, 465 U.S. 89, 100 (1984); see also Eastwood v. Dept. of Corrections of State of Okla., 846 F.2d 627, 632 (10th Cir. 1988) ("[T]he DOC is an arm of the state and should be entitled to absolute immunity.").

However, a state may waive its Eleventh Amendment immunity by consenting to be sued in federal court. Coeur d'Alene Tribe, 521 U.S. at 267. Additionally, Congress may create federal causes of action against the states without their consent if such causes of action are necessary to enforce Constitutional rights, such as those arising under the Fourteenth Amendment. To abrogate the states' Eleventh Amendment immunity, Congress must (1) unequivocally intend to do so and (2) act pursuant to a valid grant of constitutional authority. Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363-64 (2001). Congress did not unequivocally abrogate states' immunity under section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332, 345 (1979) (Section "1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States"). In this case, the State of Oklahoma has expressly refused to waive Eleventh Amendment immunity for the state itself, any state agency or a state employee. Okla. Stat. tit. 51, § 162(E). Therefore, the Eleventh Amendment bars plaintiff's claims against the DOC.

**IT IS THEREFORE ORDERED** that the motion for summary judgment of the State of Oklahoma ex rel. Department of Corrections (Dkt. # 13) is hereby **granted**.

**IT IS SO ORDERED** this 8th day of November, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT