**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROSE M. BUNKER, et al.,** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| v. | ) Case No. 03-CV-0852-CVE-PJC |
| | ) |
| **COUNTY OF NOWATA, et al.,** | ) |
| | ) |
| **Defendant(s).** | ) |

## OPINION AND ORDER

Now before the Court is defendant Eddie Comeaux's motion to dismiss plaintiff Rose M. Bunker's claim of intentional infliction of emotional distress, or, in the alternative, to grant Comeaux an extension of time to further plead or answer (Dkt. # 15). Bunker filed a response and a request to dismiss Comeaux's counterclaim for defamation (Dkt. # 27).

Bunker alleges that Comeaux raped her in the Nowata County Jail, where Bunker was incarcerated for writing insufficient checks. Bunker alleges that Comeaux and Josh Thompson ("Thompson"), both Oklahoma Department of Corrections ("DOC") inmates, obtained keys to jail cells from jailer Larry Blevins and subsequently unlocked her cell on the evening of December 12, 2001. See Dkt. # 70, at 4. According to Bunker, both men entered her cell that night and, after Thompson engaged in consensual sex with Bunker's cell-mate, Comeaux approached Bunker and demanded sex. When Bunker resisted, Comeaux allegedly forced himself on top of her and sodomized her. Id. at 4-5. Comeaux denies all allegations.

**I.**

A motion to dismiss is properly granted when it appears beyond doubt that plaintiff could prove no set of facts entitling her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Aspenwood Investment Co. v. Martinez, 355 F.3d 1256, 1259 (10th Cir. 2004). For purposes of making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Id. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001).

**II.**

Bunker's sues Comeaux for the common law tort of intentional infliction of emotional distress. Oklahoma recognizes as an independent tort the intentional infliction of emotional distress, also known as the tort of outrage. Gaylord Entm't v. Thompson, 958 P.2d 128, 149 (Okla. 1998). In order to prevail on this claim, plaintiff must show that (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused plaintiff emotional distress; and that (4) the resulting emotional distress was severe. Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1387 (10th Cir. 1991); Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002).

"It is the trial court's responsibility initially to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the [Restatement (Second) of Torts § 46] standards." Gaylord, 958 P.2d at 149. Bunker alleges that Comeaux intentionally assaulted and raped her; such allegations clearly rise to the level of extreme and outrageous. Bunker testified that she sought medical treatment at a hospital subsequent to the alleged attack for depression and post-traumatic stress disorder. Dkt. # 67, Ex. 1, Deposition of Rose M. Bunker, at 512, 518. Comeaux asks the Court to dismiss all claims based on his "exoneration" from related charges by the DOC. Comeaux's exoneration by the DOC is irrelevant to whether plaintiff has stated a civil claim against him. The Court finds that Bunker has alleged facts sufficient to state a claim for intentional infliction of emotional distress.

Further, Comeaux's counterclaim for defamation is without merit because Bunker's court pleadings are privileged communications under Oklahoma law. Okla. Stat. tit. 12, § 1443.1; see Samson Inv. Co. v. Chevaillier, 988 P.2d 327 (Okla. 1999). Therefore, Comeaux's counterclaim fails as a matter of law.

**IT IS THEREFORE ORDERED** that Comeaux's motion to dismiss (Dkt. # 15) is hereby **denied** and Bunker's request to dismiss (see Dkt. # 27) is hereby **granted**. It is further **ORDERED** that Comeaux shall have an **extension of 20 days, to and including December 8, 2005**, within which to further plead or answer.

**IT IS SO ORDERED** this 10th day of November, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT