UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROSE M. BUNKER, et al.,** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| v. | ) Case No. 03-CV-0852-CVE-PJC |
| | ) |
| **COUNTY OF NOWATA, et al.,** | ) |
| | ) |
| **Defendant(s).** | ) |

## OPINION AND ORDER

Now before the Court is defendant Larry Blevins' motion for partial summary judgment (Dkt. # 67) as to the claim brought against him by plaintiff Rose M. Bunker for intentional infliction of emotional distress. Blevins does not move for summary judgment with regard to plaintiff's 42 U.S.C. § 1983 claim; however, Blevins presents evidence to counter a perceived section 1983 claim regarding alleged theft of Bunker's medication. In plaintiff's response brief (Dkt. # 70), she clarifies that she is not asserting such a claim. Therefore, the only issue before the court is whether plaintiff has shown that a genuine issue of material fact exists as to her claim of intentional infliction of emotional distress against defendant Blevins.

**I.**

Bunker's claims against Blevins arise from incidents that occurred at the Nowata County Jail on December 12, 2001. It is undisputed that, at that time, Bunker was incarcerated at the Nowata County Jail for writing insufficient checks and Blevins served as a jailer at the facility. According to Bunker, Blevins provided male inmates access to female inmates' jail cells, resulting in the rape of Bunker. Specifically, Bunker alleges that Eddie Comeaux, an Oklahoma Department of Corrections ("DOC") inmate, obtained keys to jail cells from Blevins and subsequently unlocked

her cell and raped her.  See Dkt. # 70, at 4.  According to Bunker's pleadings, Blevins "orchestrated the event for his entertainment."  Id. at 7.  Blevins denies that he intentionally acted in a manner that caused any alleged assault against Bunker.

Bunker testified that Blevins did not physically hand the keys to the inmates but rather that Comeaux took the cell keys off of Blevins' belt.  Dkt. # 67, Ex. 1, Deposition of Rose M. Bunker, at 330.  However, she argues that Blevins could have retrieved the keys from the tortfeasor, thereby preventing the assault.  Id.  In the portion of Bunker's deposition submitted by Blevins, Bunker frames her claim against Blevins as follows:

> QUESTION:  Do you know why you've sued [Blevins]?
> ANSWER:     For him allowing the inmate in and holding him responsible for it.
> QUESTION:  Anything else?
> ANSWER:     That's all that I'm aware of.

Id. at 95.  Bunker alleges that Blevins intentionally acted in a manner that caused Comeaux to assault and rape her but offers no supporting evidence.  While Bunker alludes in her response brief to her deposition, she fails to submit it or any other evidence.  As a consequence, the entire record consists of the pleadings and Blevins' exhibits - - excerpts from the depositions of Bunker and her friend April Carley and Bunker's answers to certain interrogatories.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 317.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Oklahoma recognizes as an independent tort the intentional infliction of emotional distress, also known as the tort of outrage. Gaylord Entm't v. Thompson, 958 P.2d 128, 149 (Okla. 1998). In order to prevail on this claim, plaintiff must show that (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused plaintiff emotional distress; and that (4) the resulting emotional distress was severe. Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1387 (10th Cir. 1991); Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002).

Plaintiff has not presented evidence that Blevins' conduct caused the emotional distress allegedly suffered by plaintiff. Rather, plaintiff offers mere conjecture that Blevins intentionally or recklessly encouraged Comeaux to assault her. The summary judgment record is silent regarding key elements of an intentional infliction of emotional distress claim. Accordingly, the Court finds that Bunker has failed to show that a genuine issue of material fact exists as to her claim of intentional infliction of emotional distress, and Blevins is entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that Blevins' motion for partial summary judgment (Dkt. # 67) for plaintiff's claim of intentional infliction of emotional distress is **granted**.

**IT IS SO ORDERED** this 10th day of November, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT